IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UMPQUA BANK**,

        Plaintiff,

        v.

**THOMAS M. BECKLER JR, VANESSA R. BECKLER**,

        Defendants.

Case No. 6:24-cr-2002-MC

ORDER

**MCSHANE, Judge:**

      Defendants, appearing pro se, attempt to remove an eviction proceeding from state court. Defendants also move for leave to proceed *in forma pauperis*, ECF No. 2, and seek an emergency temporary restraining order staying all eviction proceedings, ECF No. 3. This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

1 –ORDER

A review of the documents submitted by Defendants confirms removal is untimely. In their Notice of Removal, Defendants state, "This Notice of Removal is filed within 30 days of Defendants' receipt of Plaintiff's latest filings and orders in this case, including the summary judgment order. Therefore, it is timely under 28 U.S.C. § 1446(b)." ECF No. 1, 3. The removal statute, however, provides removal is proper if "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). As Defendants did not file the notice of removal within 30 days of being served with the "initial pleading" in state court, and instead waited until receiving an unfavorable decision at summary judgment, removal is untimely and the case must be remanded to state court.

Additionally, the Court notes that even assuming it could reach the merits of Defendants arguments, it would deny leave to proceed *in forma pauperis* because, at least based on the documents submitted by Defendants, Defendants' arguments appear frivolous or, at the very least, barred. Defendants' filings indicate that they are convinced the state court proceedings were fundamentally unfair and/or legally invalid. For example, Defendants argue:

> This motion arises from eviction proceedings predicated on an invalid nonjudicial foreclosure (NJF) initiated by Plaintiff in violation of Oregon law, including the Oregon Trust Deed Act (OTDA). Defendants contend the foreclosure is invalid due to procedural defects, lack of standing, and judicial misconduct, jeopardizing their Constitutional rights and causing irreparable harm.

ECF No. 1-1, 2.

Defendants continue:

> Defendants were denied a fair hearing due to hostile and biased conduct by the presiding judge, Judge Brendan James Kane, who exhibited prejudice against Defendant Vanessa Beckler and predetermined the case outcome at the very first (September 11, 2024) hearing with Judge Kane.

2 –ORDER

> Procedural misconduct, including the refusal to consider evidence, use binding precedent, or grant adequate time for discovery, generally deprived Defendants of the ability to present a meaningful defense; and specifically, deprived Defendants of the ability to contest critical claims to oppose Plaintiff's Motion for Summary Judgment during oral argument.

ECF No. 1-1, 3.

Defendants attach their motion for reconsideration, filed in state court, containing their arguments that the state court erroneously granted summary judgment in favor of Plaintiff. ECF No. 1-2. Defendants' arguments here appear to be an attempted end run around state court proceedings and are likely barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

Additionally, because the attempted removal asks this federal court to interfere with ongoing state court proceedings, it is likely barred by *Younger* abstention. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceedings. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). All the prongs necessary for abstention appear to be present here.

/ / / /

/ / / /

3 –ORDER

Because removal was untimely, this Court lacks jurisdiction and this action is REMANDED to the Circuit Court of Linn County. All pending motions are DENIED as moot.

DATED this 4th day of December, 2024.

/s/ Michael McShane
**Michael J. McShane**
**United States District Judge**

4 –ORDER